**Donald HAYHURST, Plaintiff,**

**v.**

**Carlo CALABRESE, et al., Defendants.**

**Civ. A. No. 91–2546.**

United States District Court, District of Columbia.

Jan. 16, 1992.

Donald Hayhurst, pro se.

Allen V. Farber, James A. Barker, Jr., Green, Stewart & Farber, P.C., Washington, D.C., for defendants L. Hope Wing (individually and as agent for Alaska Assn. of Naturopathic Physicians), Mary Caselli, John Hartman, Cordell Logan, Watson A. Walden, Furr Elmore, T.W. Stowell, Devra Krassner and Jack Burke.

Kevin M. Hensley, Needham & Warren, Boston, Mass., for defendant Shiva Barton.

Eric B. Gonzales, Asst. Atty. Gen., State of Ariz., Phoenix, Ariz., for defendant Glen Ozalan.

### MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

Plaintiff, acting pro se,[1] has filed a complaint in this case seeking five million dol-

---

1. Plaintiff is *not* seeking to proceed in forma pauperis. Hence, the provisions of 28 U.S.C.

lars in compensatory damages for injury he claims to have suffered as a result of a "longstanding conspiracy to abuse, discredit and vilify plaintiff." Complaint at 4. Plaintiff is a doctor of naturopathy, and he complains of a "shameful defamation" that was published in the Townsend Letter for Doctors, a named defendant, by its editor Jonathan Collin, also a named defendant. Plaintiff has filed a motion for nonsuit in regard to these two defendants which this Court has granted. The remaining defendants are not mentioned individually in the complaint other than in the caption.

Process has been served in the action. All of the defendants have filed answers in which they argue the complaint fails to state a claim upon which relief can be granted and that this court lacks personal jurisdiction over them. Two of the defendants have filed motions to dismiss based on lack of personal jurisdiction and expiration of the statute of limitations.

Plaintiffs only reference to all but one of the defendants in his complaint is as "all letter-writers", Complaint at 4. He has appended to the complaint a number of letters written by the defendants to the Secretary of Education. All of the letters discuss the plaintiff. It appears that he was displeased by the content of the letters because they all state that the plaintiff lacks the credentials for acceptance into the organizations defendants represent. Even so, the plaintiff alleges no facts that even remotely support a claim of conspiracy or defamation.

The Court is mindful that it must construe pro se filings liberally, however I agree with the defendants. The complaint does not appear to state a legally cognizable claim. Furthermore, personal jurisdiction is lacking. As defendants Barton and Ozalan have noted in their motions to dismiss, all of the defendants live and work outside the District of Columbia, yet the defendant seeks to have this Court exercise personal jurisdiction over them through the District of Columbia long-arm statute.

In order for the plaintiff to gain personal jurisdiction over defendants who do not live or work or even regularly visit the District of Columbia, plaintiff must show that defendants caused a "tortious injury in the District of Columbia by an act or omission in the District of Columbia," D.C.Code § 13–423(a)(3), or caused a

> "tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C.Code § 13–423(a)(4).

Sending a letter into this jurisdiction is not an act sufficient to warrant the exercise of long-arm jurisdiction under 423(a)(3). *See Moncrief v. Lexington Herald–Leader Co.*, 807 F.2d 217 (D.C.Cir.1986); *Edmond v. United States Postal Service*, 727 F.Supp. 7 (D.D.C.1989); *National Bank of Washington v. Mallery*, 669 F.Supp. 22 (D.D.C. 1987). Furthermore, plaintiff has not alleged that defendants have engaged in any "persistent course of conduct" in the District of Columbia which would warrant application of 423(a)(4). In his response to the motions to dismiss, plaintiff claims that defendants have engaged in a persistent course of conduct in the District through lobbying and other activities here. Plaintiff has pled no facts that would lead this Court to accept that allegation.

The plaintiff has been given notice of the arguments against him and an opportunity to respond. The arguments offered by defendants Barton and Ozalan apply with equal force to all of the other defendants.

Accordingly, it is this 16 day of January, 1992, hereby

ORDERED that this action is dismissed.

§ 1915(d) allowing for sua sponte dismissal of a pro se complaint do not apply.