988 F.2d 1280
 300 U.S.App.D.C. 322
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Donald HAYHURST, Dr., Appellant
v.
Carlo CALABRESE, Individually and as agent for Council on
Naturopathic Medical Education, et al.
 No. 92-7017.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 25, 1993.
 
 Appeal from the United States District Court for the District of Columbia.
 D.D.C., 782 F.Supp. 643.
 AFFIRMED.
 Before MIKVA, Chief Judge, and STEPHEN F. WILLIAMS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's memorandum opinion and order filed January 16, 1992 be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 Upon consideration of the motion for non-suit; the motion for sanctions; and the motion for inclusion of newly discovered evidence, responses thereto and the replies, it is
 
 
 4
 FURTHER ORDERED that the motion for non-suit as to appellee Watson Walden be dismissed as moot. It is
 
 
 5
 FURTHER ORDERED that the motion for sanctions be denied. It is
 
 
 6
 FURTHER ORDERED that the motion for inclusion of newly discovered evidence be denied. Even assuming this evidence is relevant, it was not before the district court at the time the court ruled on the motions to dismiss and thus should not be considered, in the first instance, by this court. See Reuber v. United States, 750 F.2d 1039, 1051 (D.C.Cir.1984) ("any new evidence must be presented to the district court by a motion under Federal Rule of Civil Procedure 60(b) asking that the court reopen its final judgment").
 
 
 7
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 8
 We affirm the district court's dismissal of appellant's claims for lack of personal jurisdiction. Appellees' ties to the District of Columbia ("District") are too attenuated to bring them within the reach of the District's long-arm statute, D.C.Code Ann. § 13-423 (1989). The only contacts with this jurisdiction alleged by appellant are the sending of allegedly defamatory letters into the District and certain lobbying activities. It is settled in this circuit that the sending of an allegedly defamatory letter into the District is legally insufficient to establish an "act" occurring within the District. Edmond v. United States Postal Service Gen. Counsel, 949 F.2d 415, 424 n. 18 (D.C.Cir.1991). Moreover, the type of contacts appellant has alleged (lobbying the federal government) falls within the "government contacts" exception to the exercise of personal jurisdiction under the District's long-arm statute. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 786-87 (D.C.Cir.1983) (personal jurisdiction cannot be founded upon "exercises in petitioning the government" or "attempts to influence government action"), cert. denied, 467 U.S. 1210 (1984).